UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| LARRY KELLER,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>ALA WAI STATE BOAT HARBOR,<br><br>　　　　　Defendant. | CIV. NO. 19-00489 LEK-WRP |

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

On December 17, 2019, Defendant State of Hawai`i ("Defendant") filed its Motion to Dismiss Complaint Filed September 12, 2019 ("Motion").[1]  [Dkt. no. 14.]  Pro se Plaintiff Larry Keller ("Plaintiff") filed a document that was construed as his response to the Motion ("Response") on February 28, 2020, and Defendant filed its reply on March 3, 2020.  [Dkt. nos. 18, 19.]  The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.1(c) of the Local Rules of Practice for the United States District Court for the

---

[1] The named defendant named is Ala Wai State Boat Harbor. However, the Ala Wai State Boat Harbor is owned and operated by the state.  See Haw. Rev. Stat. § 200-9(b)-(c); see also Haw. Boating Ass'n v. Water Transp. Facilities Div., Dep't of Transp., State of Haw., 651 F.2d 661, 664 (9th Cir. 1981). Therefore, this action is a lawsuit against the State of Hawai`i, and the Department of the Attorney General for the State of Hawai`i has appeared for Defendant.

District of Hawaii ("Local Rules").  Defendant's Motion is hereby granted for the reasons set forth below.

## BACKGROUND

Plaintiff is proceeding pro se, and therefore his pleadings are liberally construed.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).  Plaintiff filed his Complaint in a Civil Case ("Complaint") on September 12, 2019, alleging Defendant impounded and then sank his vessel, "Samoor" ("the Vessel").  [Complaint at pgs. 1-2; Suppl. to Complaint, filed 9/27/19 (dkt. no. 9), at pg. 1.[2]]  Plaintiff also alleges Defendant "put a new vessel unapproved by [Plaintiff] in permanent slip # 64."  [Complaint at pg. 3.]  With regard to the loss of permanent slip # 64, Plaintiff seeks damages in excess of $2,940,000.[3]  [Id.]  Plaintiff also requests $2,500,000.00 in damages for the loss of the Vessel.  [Motion, filed 10/1/19 (dkt. no. 10).[4]] see

---

[2] Although Plaintiff's September 27, 2019 filing was titled "Amended Complaint," it was construed as a supplement to the Complaint.  [EO: Court Order Construing Plaintiff's Amended Complaint, Filed September 27, 2019, as a Supplement to the Complaint, filed 10/30/19 (dkt. no. 12).]

[3] Plaintiff seeks "$1750.00 per day" for "1680+ days." [Complaint at pg. 3.]

[4] Plaintiff's October 1, 2019 motion, which sought replacement of the Vessel, was construed as a premature motion for summary judgment.  [EO: Court Order Denying as Premature Plaintiff's Motion for Summary Judgment, filed 10/7/19 (dkt. no. 11).]

2

In its Motion, Defendant seeks dismissal of all claims pursuant to Fed. R. Civ. P. 12. [Motion at 1.] The Motion argues Defendant is immune from suit under the doctrine of state sovereign immunity. [Mem. in Supp. of Motion at 4.]

## STANDARD

"A sovereign immunity defense is 'quasi-jurisdictional' in nature and may be raised in either a Rule 12(b)(1) or 12(b)(6) motion." Sato v. Orange Cty. Dep't of Educ., 861 F.3d 923, 927 n.2 (9th Cir. 2017) (citing Pistor v. Garcia, 791 F.3d 1104, 1111 (9th Cir. 2015); Eason v. Clark Cty. Sch. Dist., 303 F.3d 1137, 1140 (9th Cir. 2002)). "A defendant may, however, be found to have waived sovereign immunity if it does not invoke its immunity in a timely fashion and takes actions indicating consent to the litigation." Pistor, 791 F.3d at 1111 (citations omitted).

Defendant did not specify whether it is moving under Rule 12(b)(1) or (b)(6), only that it was invoking Rule 12. However, the ambiguity is inconsequential because, on a motion to dismiss pursuant to Eleventh Amendment immunity, the standards for Rule 12(b)(1) and (b)(6) are functionally equivalent. See Monet v. Haw., Civ. No. 11-00211 SOM/RLP, 2011 WL 2446310, at *3 (D. Hawai`i June 14, 2011) (concluding that, on a motion to dismiss, it "makes no difference" whether the court examines Eleventh Amendment immunity under Rule 12(b)(1)

3

or (b)(6)).  Rule 12(b)(1) authorizes a district court to dismiss an action for "lack of subject-matter jurisdiction." "Once challenged, the party asserting subject matter jurisdiction has the burden of proving its existence."  Robinson v. United States, 586 F.3d 683, 685 (9th Cir. 2009) (citation and quotation marks omitted).  This district court has stated:

> A Rule 12(b)(1) motion may be either facial (attacking the sufficiency of the complaint's allegations to invoke federal jurisdiction) or factual (disputing the truth of the allegations of the complaint).  Safe Air for Everyone [v. Meyer], 373 F.3d [1035,] 1039 [(9th Cir. 2004)].
>
> In a facial attack, the court may dismiss a complaint when its allegations are insufficient to confer subject matter jurisdiction, and a complaint's factual allegations are taken as true and construed in the light most favorable to the nonmoving party.  Fed'n of African Am. Contractors v. City of Oakland, 96 F.3d 1204, 1207 (9th Cir. 1996).  But in a factual attack "[w]here the jurisdictional issue is separable from the merits of the case, the judge may consider the evidence presented with respect to the jurisdictional issue and rule on that issue, resolving factual disputes if necessary." Thornhill Publ'g Co., Inc. v. Gen. Tel. & Elecs. Corp., 594 F.2d 730, 733 (9th Cir. 1979).  In such case, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself" the existence of subject matter jurisdiction.  Id.

Bishop v. United States, Civ. No. 16-00248 JMS-KSC, 2017 WL 1381653, at *7 (D. Hawai`i Apr. 13, 2017) (some alterations in Bishop).  Defendant's contention that the allegations in the Complaint are insufficient to invoke federal jurisdiction is a

4

facial attack.  See Monet, 2011 WL 2446310, at *2 (citing Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004)).

If the Court reviewed the Motion as though it was brought under Rule 12(b)(6), all allegations of material fact would be assumed to be true and construed in the light most favorable to the nonmoving party.[5]  See Fed'n of African Am. Contractors v. City of Oakland, 96 F.3d 1204, 1207 (9th Cir. 1996).  The result would remain the same as under the Rule 12(b)(1) analysis.  Therefore, pursuant to the standards for either a Rule 12(b)(1) facial attack or a Rule 12(b)(6) motion to dismiss for failure to state a claim, all factual allegations will be taken as true and construed in the light most favorable to the nonmoving party, Plaintiff.

## DISCUSSION

### I. State Sovereign Immunity

"The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."  U.S. Const. amend. XI.  As the United States Supreme Court recently held,

---

[5] Fed. R. Civ. P. 12(b) states, in pertinent part, that "a party may assert the following defenses by motion: . . . (6) failure to state a claim upon which relief can be granted."

5

> We have often emphasized that "[t]he [Eleventh] Amendment is rooted in a recognition that the States, although a union, maintain certain attributes of sovereignty, including sovereign immunity." Puerto Rico Aqueduct and Sewer Authority v. Metcalf & Eddy, Inc., 506 U.S. 139, 146, 113 S. Ct. 684, 121 L. Ed. 2d 605 (1993). In proposing the Amendment, "Congress acted not to change but to restore the original constitutional design." Alden [v. Maine], 527 U.S. [706,] 722, 119 S. Ct. 2240 [(1999)]. The "sovereign immunity of the States," we have said, "neither derives from, nor is limited by, the terms of the Eleventh Amendment." Id., at 713, 119 S. Ct. 2240.
>
> Consistent with this understanding of state sovereign immunity, this Court has held that the Constitution bars suits against nonconsenting States in a wide range of cases. See, e.g., Federal Maritime Comm'n [v. S.C. State Ports Auth., 535 U.S. 743 (2002)] (actions by private parties before federal administrative agencies); Alden, *supra* (suits by private parties against a State in its own courts); Blatchford v. Native Village of Noatak, 501 U.S. 775, 111 S. Ct. 2578, 115 L. Ed. 2d 686 (1991) (suits by Indian tribes in federal court); [Principality of] Monaco [v. Miss.], 292 U.S. 313, 54 S. Ct. 745 [(1934)] (suits by foreign states in federal court); Ex parte New York, 256 U.S. 490, 41 S. Ct. 588, 65 L. Ed. 1057 (1921) (admiralty suits by private parties in federal court); Smith v. Reeves, 178 U.S. 436, 20 S. Ct. 919, 44 L. Ed. 1140 (1900) (suits by federal corporations in federal court).

Franchise Tax Bd. of Cal. v. Hyatt, 139 S. Ct. 1485, 1496 (2019) (some alterations in Franchise Tax Bd.). Furthermore,

> A State may waive its sovereign immunity at its pleasure, College Savings Bank v. Florida Prepaid Postsecondary Ed. Expense Bd., 527 U.S. 666, 675–676 (1999), and in some circumstances Congress may abrogate it by appropriate legislation. But absent waiver or valid abrogation, federal courts

6

>    may not entertain a private person's suit against a State.

Va. Office for Prot. & Advocacy v. Stewart, 563 U.S. 247, 253–54 (2011) (footnote omitted).  Therefore, "[s]tates, their agencies, and their officials in their official capacities are immune from damage suits under state or federal law by private parties in federal court unless there is a valid abrogation of that immunity or an unequivocal express waiver by the state." Monet, 2011 WL 2446310, at *4 (some citations omitted) (citing Sossamon v. Tex., 131 S. Ct. 1651, 1658 (2011)).  "A state generally waives its immunity when it 'voluntarily invokes [federal] jurisdiction or . . . makes a 'clear declaration' that it intends to submit itself to [federal] jurisdiction.'"  In re Bliemeister, 296 F.3d 858, 861 (9th Cir. 2002) (alterations in Bliemeister) (quoting Schulman v. California (In re Lazar), 237 F.3d 967, 976 (9th Cir. 2001)).  "Express waiver is not required; a state waives its Eleventh Amendment immunity by conduct that is incompatible with an intent to preserve that immunity."  Id. (brackets, citation, and internal quotation marks omitted).

There is no indication that Congress has abrogated Defendant's sovereign immunity.  Defendant has not waived its immunity either expressly or with conduct incompatible with an assertion of that immunity.  Accordingly, Defendant is immune

from Plaintiff's claims for damages because Plaintiff has not made any allegations that Defendant's sovereign immunity has been waived or abrogated.

An exception to state sovereign immunity exists. In Ex parte Young, 209 U.S. 123 (1908), the Supreme Court recognized that "a suit challenging the constitutionality of a state official's action is not one against the State." Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 102 (1983) (citing Ex parte Young, 209 U.S. 123 (1908)). "Under the doctrine of Ex parte Young, suits against an official for prospective relief are generally cognizable, whereas claims for retrospective relief (such as damages) are not." Porter v. Jones, 319 F.3d 483, 490 (9th Cir. 2003) (citations omitted). Therefore, to invoke the Young exception to state sovereign immunity, a plaintiff must allege an ongoing violation of federal law **and** seek prospective relief from a state official. Here, Plaintiff's claims are for damages, and therefore the Young exception does not apply.

Because Defendant's sovereign immunity has neither been waived nor abrogated, and because the Young exception does not apply, Plaintiff's suit is barred under the doctrine of state sovereign immunity. This result is in accordance with other cases within this district. See, e.g., Coulter v. Bronster, 57 F. Supp. 2d 1028, 1031 (D. Hawai`i 1999) ("Boating

activities on the Ala Wai Canal and the Ala Wai Boat Harbor, which is adjacent to the canal, are under the jurisdiction of the Department of Land and Natural Resources ('DLNR')."), *aff'd sub nom.* Coulter v. Anzai, 13 F. App'x 661 (9th Cir. 2001). In Coulter, the district court noted that:

> This [Eleventh Amendment] immunity also extends to state departments and agencies. See Romano v. Bible, 169 F.3d 1182, 1185 (9th Cir. 1999) ("The Eleventh Amendment bars suits against the state or its agencies for all types of relief, absent unequivocal consent by the state."); Natural Resources Defense Council v. California Dep't of Transp., 96 F.3d 420, 421 (9th Cir. 1996) ("State immunity extends to state agencies [who can] assert the state's sovereign immunity."). Moreover, Eleventh Amendment immunity extends to admiralty and maritime cases. See Welch v. Texas Dep't of Highways and Public Transp., 483 U.S. 468, 468, 107 S. Ct. 2941, 97 L. Ed. 2d 389 (1987) ("Even though the express terms of the Eleventh Amendment's prohibition are limited to federal-court suits 'in law or equity' against a State by citizens of another State or a foreign country, the Amendment . . . prohibits admiralty suits against a State . . . unless the State expressly waives its immunity and consents to suit in federal court."); see also Collins v. Alaska, 823 F.2d 329, 331 (9th Cir. 1987).

57 F. Supp. at 1033 (some alterations in Coulter). The district court in Coulter concluded that the State of Hawai`i and the DLNR were immune under the doctrine of Eleventh Amendment immunity. Therefore, to the extent that this action constitutes a case against the DLNR instead of, or as well as, the State of Hawai`i, the action is barred pursuant to state sovereign immunity.

Although not identified in the pleadings, Plaintiff's allegations could be liberally construed as seeking a remedy under 42 U.S.C. § 1983. The Ninth Circuit held that,

> Section 1983, . . . is not itself a source of substantive rights, but is a mechanism for vindicating federal statutory or constitutional rights. Baker v. McCollan, 443 U.S. 137, 144 n.3, 99 S. Ct. 2689, 61 L. Ed. 2d 433 (1979). Specifically, § 1983 provides that "[e]very person who, under color of [State law] . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured." 42 U.S.C. § 1983.

Stilwell v. City of Williams, 831 F.3d 1234, 1240 (9th Cir. 2016) (some alterations in Stillwell). However, "§ 1983 likewise did not abrogate States' Eleventh Amendment immunity and therefore does not allow suits against States themselves or individuals in their official capacities." Id. at 1245 (citing Will v. Mich. Dep't of State Police, 491 U.S. 58, 71, 109 S. Ct. 2304, 105 L. Ed. 2d 45 (1989)). Although Plaintiff included the name Ed Underwood in the caption of his Response, along with a reference to him being an Administrator, Plaintiff did not assert any claims against Mr. Underwood, in either his official or individual capacity, in any of the pleadings. All allegations made by Plaintiff in his pleadings relate only to actions taken by the harbor, and no allegations relate personally to Mr. Underwood or any other natural person. To the

extent that Plaintiff may have intended to identify Mr. Underwood as a defendant, it does not appear that he has been served.  Therefore Mr. Underwood is not a party to this action.  Because § 1983 does not abrogate Defendant's Eleventh Amendment immunity, Plaintiff is barred from bringing a claim under § 1983 against Defendant.

## II.  Summary and Leave to Amend

In sum, all claims as alleged against Defendant, as the entity responsible for the Ala Wai State Boat Harbor, are hereby dismissed.  Also, it is absolutely clear that no amendment can cure the defect in Plaintiff's claims for damages.  See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam) ("Unless it is absolutely clear that no amendment can cure the defect, however, a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." (citations omitted)).  Therefore, leave to amend is denied as futile, and the Complaint is dismissed with prejudice.

## CONCLUSION

On the basis of the foregoing, Defendant's Motion to Dismiss Complaint Filed September 12, 2019, filed December 17, 2019, is HEREBY GRANTED.  Plaintiff's Complaint for a Civil Case, filed September 12, 2019, and his supplement to the Complaint, filed September 27, 2019, are DISMISSED WITH

11

PREJUDICE.  There being no remaining claims in this case, this Court DIRECTS the Clerk's Office to close the case unless Plaintiff files a motion for reconsideration within fourteen days of the entry of this Order.

    IT IS SO ORDERED.

    DATED AT HONOLULU, HAWAI`I, June 8, 2020.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**LARRY KELLER VS. ALA WAI STATE BOAT HARBOR; CV 19-00489 LEK-WRP; ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**