# MINUTE ORDER

| | |
|---|---|
| CASE NUMBER: | CIVIL NO. 19-00489 LEK-WRP |
| CASE NAME: | Larry Keller vs. Ala Wai State Boat Harbor |

| | | | |
|---|---|---|---|
| JUDGE: | Leslie E. Kobayashi | DATE: | 07/17/2020 |

COURT ACTION:   EO: COURT ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

On September 12, 2019, pro se Plaintiff Larry Keller ("Plaintiff") filed his Complaint for a Civil Case ("Complaint"). [Dkt. no. 1.] On December 17, 2019, Defendant State of Hawai`i ("Defendant") filed a motion to dismiss the Complaint. [Dkt. no. 14.] On June 8, 2020, this Court issued its Order Granting Defendant's Motion to Dismiss ("6/8/20 Order"). [Dkt. no. 29.] On June 22, 2020, Plaintiff filed a document titled "Motion to Vacate Dismissal Order," which is construed as a motion for reconsideration of the 6/8/20 Order ("Motion"). [Dkt. no. 31.]   The Court has considered the Motion as a non-hearing matter pursuant to Rule LR7.1(d).

The 6/8/20 Order dismissed the Complaint with prejudice.   [6/8/20 Order at 11-12.] As a general rule, an order of dismissal with prejudice is a final order. See Wakefield v. Thompson, 177 F.3d 1160, 1162 (9th Cir. 1999) (citation omitted). "When a ruling has resulted in a final judgment or order . . . a motion for reconsideration may be construed as either a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e) or a motion for relief from judgment under [Federal] Rule [of Civil Procedure] 60(b)." Grandinetti v. Sells, CIV. NO. 16-00517 DKW/RLP, 2016 WL 6634868, at *1 (D. Hawai`i Nov. 8, 2016) (citing Sch. Dist. No. 1J Multnomah Cty. v. ACandS, Inc., 5 F.3d 1255, 1262 (9th Cir. 1993)).  Because there has been no judgment entered in this case, Plaintiff's Motion is reviewed as a Rule 60(b) motion for relief from the 6/8/20 Order.

Rule 60(b) states, in relevant part:

> On motion and just terms, the court may relieve a party . . . from a final . . . order . . . for the following reasons:
>
> > (1)   mistake, inadvertence, surprise, or excusable neglect;
> >
> > (2)   newly discovered evidence that, with reasonable diligence, could not have been discovered in time to

>
> move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Based on the arguments raised in the Motion, the only arguably applicable provisions are Rule 60(b)(1) or (b)(6). "Rule 60(b)(6) relief normally will not be granted unless the moving party is able to show both injury and that circumstances beyond its control prevented timely action to protect its interests." Navajo Nation v. Dep't of the Interior, 876 F.3d 1144, 1173 (9th Cir. 2017) (citation and quotation marks omitted). The Motion does not allege the occurrence of a mistake, inadvertence, surprise, or excusable neglect; instead the Motion merely repeats allegations already presented in earlier filings, including the Complaint. Also, the Motion does not establish that circumstances beyond Plaintiff's control prevented the timely protection of his interests. Therefore, grounds for reconsideration have not been established.

In the interest of clarity, the Court emphasizes that the 6/8/20 Order does not address whether Plaintiff can bring his claim for damages in state court, it only applies to federal court. This district court has explained the distinction between state court and federal court with regard to Eleventh Amendment immunity as follows:

> In H.R.S. § 661–1 the state consents to be sued for monetary relief for violations of state statutes, state regulations, and contracts entered into with the state. Jacober v. Sunn, 6 Haw. App. 160, 170, 715 P.2d 813 (1986). However this statute does not extend consent to suits in federal court. First, on its face the statute only confers jurisdiction over these actions to the state courts and is silent as to the state's Eleventh Amendment immunity in federal court. Second, the Hawaii State Legislature has expressly clarified that in § 661–1 the State has not consented to be sued in federal court. See Act 135, § 1 Session Laws of 1984. Moreover the Ninth Circuit has interpreted that this provision does not constitute a waiver of Eleventh Amendment immunity. Price v. Hawaii, 921 F.2d 950, 958 (9th Cir. 1990).
>
> Similarly, in H.R.S. § 662 the state consents to be sued in tort actions. However this provision also does not operate as a waiver

. . . to suit in federal court. . . .

<u>Off. of Hawai`ian Affs. v. Dep't of Educ.</u>, 951 F. Supp. 1484, 1491 (D. Hawai`i 1996). For this reason, this Court reiterates that the 6/8/20 Order makes no findings or conclusions regarding whether Plaintiff can bring his claim in state court.

Plaintiff's Motion is therefore DENIED. The Clerk's Office is DIRECTED to enter final judgment pursuant to the 6/8/20 Order and to close the case immediately.

IT IS SO ORDERED.

Submitted by: Agalelei Elkington, Courtroom Manager